OPINION of the Court, by
Judge Clark.
The plaintiffs in error, brought an ejectment in the Jessamine circuit court against the defendant, for a tract of land devised to them by their ancestor, Thomas like : verdict and judgment for the defendant; to which the plaintiffs prosecute this writ of error.
Several errors are assigned ; we shall only consider such as are necessary to decide the controversy between the parties. From the record, it appears a judgment in ejectment bad been obtained by the present plaintiffs against the present defendant, in the Lexington district court, for the premises in question, in the year 1801. That before the plaintiffs had acquired the actual possession in virtue of the judgment, the defendant amained upon a bill filed by him for that purpose, an injunction to stay the proceedings upon the judgment at law, which injunction has not yet been dissolved nor the bill finally disposed of. The defendant in: this action *150 having plead the statute of limitations, the plaintiffs cm the trial moved the court to instruct the jury, that the judgment in the former suit of ejectment, in the Lexington district court, prevented the operation of the statute of limitations. Which instruction was withheld by the court. It is contended the court erred in not giving the instruction as asked for.
Nothing ought to be permitted to go in evidences but that which tends to elucidate somt point in the eaufe.
Verdict and judgment in i'ormer eject-ments is not evidence in a st-tonde}0ment.
The record of a suit in chancery pending between same parties for the wme land, also is improper evidence,
Nor evidence to try fhe comparative equity of the claims, ought not to be received.
An ejectment is a possessory remedy, and can be brought only where the lessor of the plaintiff had a right of entry. Our statute of limitations bars a right of entry into any lands, tenements or hereditaments, but within twenty years next after such right or title accrued. So that in an ejectment it is not only necessary to shew a right of property in the lessor of the plaintiff, but that he had a right to enter. So that where ther* has been an adverse possession for 20 years, the plaintiff must shew himself within some one of the exceptions in the statute. Under the statute 21, James 1, which has a provision similar to the one just mentioned, and from which ours seems to have been taken, it has been decided, that twenty years adverse possession, gives a positive title to the defendant ; it is not a bar to the action or remedy of the plaintiff only, but takes away his right of entry. The judgment in the ejectment, only shews the plaintiff’s right of possession, and afforded him a means of obtaining it by the writ mi ha-bere facias possessionem, but did not destroy the adverse possession ; which having remained with the defendant, notwithstanding the judgment, the circuit court did right in withholding the instruction asked for.
But we think the court erred in admitting the record of the former suit in ejectment, and the bill filed thereon, to go to the jury as evidence on the trial in this cause. Nothing ought to be received as evidence unless it has a tendency to demonstrate some one point m the cause. The record of the ejectment which was admitted as evidence, tended to prove no one fact which could arise on the trial of this cause. The record of the suit in chancery was still more inadmissible, for this action being* only to try the right of possession, that which tended to bring the equity of the two claims befare the court ought to have been excluded.
Judgment of the circuit court re versed, the verdict of th* jury set aside and the cause remanded for a new trial, &c-